## SOL BODEK *vs.* THE CONNECTICUT COMPANY.
## ELI ROZOVSKY *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

A trial court should direct a verdict for the defendant when that is the only conclusion which can legally be drawn from the evidence.

A sign found near the scene of a trolley-car accident six months or more thereafter, is not admissible in evidence as the sign which hung from the defendant's cross-wires at the time of the accident, without proof of identification.

Submitted on briefs October 26th—decided November 10th, 1920.

ACTIONS to recover damages for injuries to the person of one plaintiff and to the property of the other, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Webb, J.;* verdict and judgment for the defendant, and appeal by the plaintiffs. *No error in either case.*

*Charles Kleiner* and *Michael J. Quinn,* for the appellants (plaintiffs).

*Harrison T. Sheldon* and *William B. Gumbart,* for the appellee (defendant).

Guilfoile *v.* Smith.

PER CURIAM. The above-entitled actions were tried together upon the same evidence, Rozovsky being the driver of the automobile, and Bodek a passenger therein, at the time of collision of the defendant's trolley-car with this automobile. A verdict in each case was directed for the defendant, because of the inadequacy of the evidence to show any negligence of the motorman of the defendant as alleged, which was the proximate cause of the injuries and damage sued for.

Our consideration of the evidence satisfies us that the conclusion of the trial court was not only not erroneous, but was the only conclusion which could reasonably be drawn from the evidence. We have no occasion to pass upon the question of the due care of the plaintiffs.

The plaintiffs offered a sign, found near the place of the accident some six months thereafter, and claimed to have been suspended from defendant's cross-wires prior to the accident. This was properly excluded. No proof was offered that the sign was the same sign as the one Candee testified he had seen suspended from the cross-wires prior to the accident. Without such proof the evidence was wholly immaterial.

There is no error in either case.